### Michael Tierney v. W. J. Kane et al.

1. ERRORS—*when will not reverse.* Technical errors will not reverse where it appears that substantial justice has been done.

2. INSTRUCTIONS—*when may assume facts.* Facts admitted may properly be assumed by the court in instructions given.

Action commenced before justice of the peace. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

DAN McGLYNN, for appellant.

FRANK B. HANNA, for appellees.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This suit was commenced before a justice of the peace of St. Clair county, by appellees against appellant, to recover for board, washing and lodging. The case was tried in the justice court, and from the judgment there rendered an appeal was prosecuted to the Circuit Court of St. Clair county, where the case was tried *de novo,* by a jury, resulting in a verdict and judgment in favor of appellees for $35.

The evidence abundantly warrants the verdict of the jury. It is clear that by the verdict and judgment, substantial justice has been done between the parties.

The only ground urged in support of appellant's appeal

Tierney v. Kane.

is that the trial court erred in giving to the jury the following instruction:

"The court instructs the jury that if you believe from a preponderance of the evidence, that the defendant boarded with the plaintiff from about August 6, 1902, until about December 1 of that same year, then the plaintiffs have a right to recover in this case for the amount of said board, for such sum as the evidence shows it to be worth, unless you further believe from a preponderance of the evidence that the defendant has heretofore paid plaintiffs for said board."

Appellees had filed a bill of particulars, as follows:

"To Wm. J. and Mary Kane,
To board, washing and lodging at $25.00 per month, Jan. 1st, 1899, to March 6th, 1899, 2 mos. and 6 days; Aug. 6th, 1902, to Nov. 6th, 1902, 3 months..............$25.00."

The Statute of Limitations was interposed by appellant as to the first item of the bill of particulars. The court refused to admit any evidence in support of that item and instructed the jury that in making up their verdict they should wholly disregard it. Upon the trial the wholly undisputed evidence proves that appellant went to board with appellees some time in August, appellees state the 6th, and appellant states the 14th, and they all agree that he left about December 1; appellant states that he left on the first day of December. This evidence was admitted without objection or protest at any stage of the trial.

Counsel insist that the above quoted instruction is erroneous in two respects. The first objection urged against the instruction above quoted is that "it does not limit the recovery to the account stated in the bill of particulars," in this, that the instruction embraces part of a month not covered by the dates in the bill of particulars. If under the whole state of this record, including the undisputed and unchallenged evidence, it can be held that the instruction is erroneous in

the respect above specified, it is clear the jury was not misled by it. Assuming appellant's statement as to the price agreed upon for the board, washing and lodging, viz.: $15 per month, to be true, the verdict and judgment is within the bill of particulars, by a wide margin; and is clearly within what the evidence warrants for the time specified in the bill of particulars. Where it is clear that substantial justice has been done, technical errors will not reverse; nor will a judgment be reversed on account of an error in an instruction where it is apparent that the jury was not misled.

The remaining objection urged against the instruction is that it assumes a liability against appellant to pay for his board, washing and lodging, although the undisputed evidence establishes that he was an uncle of appellee, Mary Kane. This contention is based upon the rule of law that in the absence of proof of an agreement to the contrary, the presumption of law is that such services rendered or performed between parties standing in such degree of relationship, are rendered and performed gratuitously. Appellant himself testified as follows: "I says, you will have to accept board from me or I will not stay. She says, all right, then I will accept board in order to keep you and have you remain with me. I asked her how much she would take by the month and she said $15; I said, that ain't enough, I don't think you can afford to keep me for that. She said, yes I can, that is all right, uncle. I said, all right." Having thus admitted in his testimony that he expressly agreed to pay, appellant cannot be heard to say that the court erred in assuming that he was liable to pay. There was at no stage of this case any question made as to appellant's liability to pay for his board, washing or lodging. The questions were, how much had he agreed to pay, and whether or not he had paid.

The judgment of the Circuit Court is affirmed.

*Affirmed.*